**Nathan Edward GROUP, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 6774.

United States Court of Appeals
First Circuit.

March 17, 1969.

Benicio Sanchez-Castano, San Juan, P. R., by appointment of the Court, on brief for appellant.

Francisco A. Gil, Jr., U. S. Atty., and Mervyn Hamburg, Atty., Department of Justice, on brief for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

 Defendant was charged in a three count indictment with violating the bankruptcy laws (18 U.S.C. § 153) while serving as trustee of two bankrupt

estates. Specifically, he was accused of fraudulently transferring two motor vehicles belonging to one estate (Counts one and two) and embezzling funds belonging to the other (Count three). The jury found him guilty on all three counts. In this appeal he contends that the evidence was insufficient to support the conviction; that the trial judge's admission of certain evidence in rebuttal and his instructions with reference thereto were error, and that the prosecutor's statement at the end of the government's case that he had more witnesses but would not call them was prejudicial.

The government produced evidence that the defendant as trustee of the Perez estate, so-called, sold some fifteen motor vehicles belonging to the estate to one Oblinger for $3,500. Oblinger was also the duly appointed appraiser of these vehicles and at defendant's suggestion took title in the name of John Folsom, an employee. The purchase price was paid in cash and deposited in the estate account. Thereafter, the defendant told Oblinger that two of the vehicles— a 1962 Chevrolet (the Count one vehicle) and a 1960 Ford truck (the Count two vehicle)—had been included in the package deal by mistake and an additional payment would be required. Obliger was not interested in keeping the Chevrolet but agreed to pay $618 for the Ford truck.[1] After making deductions for personal debts owed by the defendant to one of Oblinger's corporations, the latter paid the defendant $394 in cash and took a receipt from him stating that he had received $618 from Folsom. Defendant never deposited any money in the estate account relating to this transaction nor was any report of it made to the referee.

Defendant then sold the Chevrolet (the Count one car) to a salesman for Panhard cars[2] named Guerra for $700 with the understanding that when the latter resold it he would give the defend-

---

1. He had previously appraised the Chevrolet at $1,500 and the Ford truck at $1,400.

2. Panhard is a French automobile.

ant a Panhard. Defendant caused Folsom to sign a document, which Folsom says was in blank, transferring ownership of the Chevrolet to Guerra who paid the defendant the agreed price of $700 and later gave him a Panhard. This transaction was never reported to the bankruptcy court nor was the $700 ever deposited in the Perez estate account.

The third count involved the sale to Oblinger of some concrete poles belonging to the estate of Chico Park, Inc. for $216. Oblinger testified that he gave the defendant his corporation's check for that amount payable to cash. As in the other two instances, this transaction was not reported to the referee nor was the $216 ever deposited in the estate account. Taking the stand in his own defense, the defendant testified that he turned over to Folsom the $700 he received from Guerra; that the concrete poles involved in Count three did not belong to the Chico Park estate and that he returned the $618 involved in the sale of the Count two vehicle to Folsom on October 2, 1963, the day after he received it, at Folsom's place of employment in San Juan.

This raised questions of credibility which quite clearly the jury resolved against the defendant. Moreover, we think the circumstances surrounding the transactions in this case, the concealment of Oblinger's identity, the dealing in cash only and the price involved in the sale of the vehicles, all add up to a picture of fraudulent intent on the part of the defendant[3]. On appeal, the evidence must be considered in the light most favorable to the government and a conviction will stand if there is substantial competent evidence to find the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). We think the evidence here is sufficient to support the conviction on all three counts.

■■ Defendant complains that after he testified that he returned the $618 to Folsom on the Count two vehicle on October 2, 1963, the trial court over objection erroneously allowed the government to introduce the daily work reports of Folsom's employer. These reports revealed that from 7 a.m. to 6 p.m. on October 1 and 2, Folsom had been assigned to a job on the other side of Puerto Rico—a considerable distance from San Juan. The court instructed the jury that these records did not prove conclusively that Folsom was not in San Juan at the time specified but that they might have some probative value and could be considered along with other evidence. We see no merit in defendant's objection to the admission of this evidence or to the court's charge with respect to it. In the circumstances it was proper rebuttal. United States v. Crowe, 188 F.2d 209, 213 (7th Cir. 1951). Nor do we see any merit in the contention that the prosecutor's statement that he had other witnesses but would not call them and then placed them at the disposition of the defendant was prejudicial. The prosecution did not indicate the nature of their testimony. Moreover, the court removed the possibility of speculation by instructing the jury that the fact that neither side chose to use these witnesses "has no bearing whatsoever * * * and should not be considered by the jury for any purpose." We think, however, that if the prosecutor chose to make this statement at all, it would have been better practice to make it out of the hearing of the jury.

All other points raised have also been considered and found to be without merit.

Affirmed.

---

3. These were not the only two bankrupt estates in which this defendant had acted as trustee. He had considerable experience in these matters.